UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**EARNEST D. BEAMON, JR.,**

Plaintiff,

-vs-                                              Case No. 14-CV-136

**MICHAEL A. DITTMANN,**
**CAPTAIN WILKE,**
**CAPTAIN REYES,**
**LT. WESNER,**
**UNKNOWN, sued as Deputy Warden,**
**CAPTAIN TETZLAFF,**
**MICHELLE SMITH, and**
**CO HEFT,**

Defendants.

## DECISION AND ORDER

The plaintiff, Earnest D. Beamon, Jr., is proceeding *pro se* on retaliation and free exercise claims under the First Amendment and a Fourteenth Amendment due process claim. This matter is before the Court on the plaintiff's motion to strike the affirmative defenses, the plaintiff's motion to amend/correct the complaint, the plaintiff's motion to enter expedited discovery plan, the plaintiff's motion for summary judgment, and the defendants' motion to strike the plaintiff's motion for summary judgment.

The defendants filed an Answer on November 7, 2014, which

contained a number of affirmative defenses. The plaintiff filed a motion to strike the affirmative defenses and responded to each one in an accompanying brief. However, there is no provision in the Federal Rule of Civil Procedure for the plaintiff to respond to the defendants' affirmative defenses at this point in the litigation. *See* Fed. R. Civ. P. 8(c). The defendants need to include them in their answer to preserve the arguments, and can address them as the case proceeds. If the defendants pursue these affirmative defenses, the plaintiff will have an opportunity to respond to them at a later date, either in response to a motion for summary judgment or at trial. The Court will not consider their merits at this time.

Next, the plaintiff filed a motion to amend his complaint to add a claim under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). He asserts that courts have allowed plaintiffs in other cases to proceed under both First Amendment and RLUIPA claims and that RLUIPA applies to this case because a substantial burden is imposed on the free exercise of his religion as a Black Muslim. He does not assert any new facts or any new relief.

This motion does not comply with Civil Local Rule 15 regarding amending complaints. However, the Court could construe it as a motion to reconsider the screening order to allow the plaintiff to proceed on a

RLUIPA claim. *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

"RLUIPA prohibits prisons that receive federal funds from imposing a substantial burden on a prisoner's religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means." *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009) (citations omitted). However, RLUIPA does not permit claims for money damages against states or prison officials in their official capacity. *See Sossamon v. Texas*, __ U.S. ___, 131 S.Ct. 1651, 1658-60, 179 L.Ed.2d 700 (2011). Nor does RLUIPA allow suits against prison officials in their individual capacities. *See Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011); *Nelson v. Miller*, 570 F.3d 868, 886-89 (7th Cir. 2009). The plaintiff seeks only monetary damages in his complaint and has made no request for injunctive relief, which is the only relief available under RLUIPA. The Court will deny his motion.

On December 4, 2014, the plaintiff filed a motion asking the court to

- 3 -

enter an expedited discovery plan and proposed specific deadlines, including a trial date. The Court needed to resolve these other motions before it could enter a scheduling order. The plaintiff's motion will be denied, but the Court will be issuing a Scheduling Order in conjunction with this Order.

On January 9, 2015, the plaintiff filed a motion for summary judgment, along with a brief, proposed findings of fact, and a sworn affidavit. He seeks a finding of liability against the defendants and a finding that they are not entitled to qualified immunity. In response, the defendants filed a motion to strike the plaintiff's motion for summary judgment and supporting documents (ECF Nos. 24-26) because the plaintiff did not comply with the local rules. In their briefs, the parties debate the requirements of Civil Local Rule 56(b)(1)(C) and whether the plaintiff's adoption of the statement of claim section from his complaint pursuant Federal Rule of Civil Procedure 10(c) is permitted. The plaintiff represents that he attached all the evidence he has to the affidavits and maintains that he explicitly cited to the exhibits in his brief in support of his motion for summary judgment.

In his memorandum of law (ECF No. 25), the plaintiff does not include a statement of facts. Instead, he directs the court to the statement

- 4 -

of claim section of his complaint, which is verified under 28 U.S.C. §1746. He refers to Rule 10(c), which allows a statement in a pleading to be "adopted by reference elsewhere in the same pleading or in any other pleading or motion." The plaintiff says he did this "to prevent repetitive pleadings." (ECF No. 25, p. 1). This memorandum is not verified, but it contains legal arguments and citations to the plaintiff's exhibits.

The final document the plaintiff filed is entitled "Plaintiff Beamon's Proposed Findings of Facts and Sworn Affidavit Authenticating Exhibits Listed in Such Documents with the Actual Exhibits #1-20 Attached in Support." (ECF No. 26). Again, the plaintiff refers to Rule 10(c) and says that the exhibits are adopted in support of plaintiff's proposed findings of fact. The next three pages that are part of the proposed findings of fact consist of a verified statement by the plaintiff describing each of the twenty exhibits. He swears that the "list of documents are true and correct as his 'proposed findings of fact.'" (ECF No. 26, p. 2). The exhibits total more than 60 pages and include verified or notarized affidavits from the plaintiff and others, as well as documentary evidence regarding the plaintiff's claims.

The Court notes, as an initial matter, that collateral motions, such as motions to strike, are disfavored. Civil Local Rule 56(b)(9) (E.D. Wis.).

However, the Court understands why the defendants are concerned about responding to the plaintiff's motion for summary judgment. Both parties acknowledge that Civil Local Rule 56(b)(1)(C) requires "a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." Further, "the statement shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the fact described in that paragraph. Civil L. R. 56(b)(1)(C)(i) (E.D. Wis.). A party "may not file more than 150 separately numbered statements of fact," and "failure to submit such a statement constitutes grounds for denial of the motion." Civil L. R. 56(b)(1)(C)(ii) and (iii).

To the extent the plaintiff relies in his memorandum of law on the statement of claim from his complaint, the numbered paragraphs contain multiple factual assertions and combine factual and legal assertions. Also, they do not contain the required citations to the record, and the defendants have already responded to those statements in their Answer.

To the extent the plaintiff refers to the twenty numbered paragraphs in ECF No. 26 as his proposed findings of fact, the defendants

cannot admit or deny them. The numbered paragraphs simply describe the plaintiff's exhibits.

It is simply too much to ask the defendants to respond to a motion for summary judgment that does not identify the material facts supporting the claim that the plaintiff is entitled to judgment as a matter of law. The plaintiff has not submitted a statement of proposed material facts as required by the Local Rules. The Court will not strike ECF Nos. 24-26, but the Court will deny the plaintiff's motion for summary judgment without prejudice. *See McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (A court has discretion to enforce its local rules, even against a *pro se* litigant.); *see also Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 630 (7th Cir. 2010) ("We have routinely held that a district court may strictly enforce compliance with its local rules regarding summary judgment motions.").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion to strike affirmative defenses (ECF No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend/correct complaint (ECF No. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order

to enter expedited discovery plan (ECF No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (ECF No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to strike (ECF No. 27) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of June, 2015.

> **BY THE COURT:**
>
> *Rudolph T. Randa*
>
> **HON. RUDOLPH T. RANDA**
> **U.S. District Judge**