# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EARNEST D. BEAMON, JR.,**

      Plaintiff,

      -vs-                                                Case No. 14-CV-136

**MICHAEL A. DITTMANN,**
**CAPTAIN WILKE,**
**CAPTAIN REYES,**
**LT. WESNER,**
**UNKNOWN, sued as Deputy Warden,**
**CAPTAIN TETZLAFF,**
**MICHELLE SMITH, and**
**CO HEFT,**

      Defendants.

## DECISION AND ORDER

The plaintiff, Earnest D. Beamon, Jr., a state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983. The Court allowed the plaintiff to proceed on two retaliation claims, a First Amendment free exercise claim, and a due process claim regarding a conduct report hearing. This matter is now before the Court on the plaintiff's renewed motion for summary judgment. The defendants have also filed a motion for summary judgment, which is fully briefed, but the Court will address that motion in a separate Order due to the procedural complexity of the plaintiff's motion.

The plaintiff originally filed a motion for summary judgment on

January 9, 2015, along with a brief and a document entitled, "Proposed Findings of Facts and Sworn Affidavit Authenticating Exhibits." (ECF Nos. 24-26). On June 29, 2015, the Court denied the plaintiff's motion for summary judgment without prejudice because the plaintiff had not complied with the requirements for a motion for summary judgment found in Civil Local Rule 56(b) (E.D. Wis.). (ECF No. 35). The Court reviewed the materials submitted by the plaintiff and determined that it was "simply too much to ask the defendants to respond to a motion for summary judgment that does not identify the material facts supporting the claim that the plaintiff is entitled to judgment as a matter of law." *Id.* at 7. The Court also issued a Scheduling Order on June 29, 2015, that set a dispositive motion deadline of October 26, 2015. (ECF No. 36).

On August 11, 2015, the plaintiff filed a renewed motion for summary judgment, but he simply adopted his previously filed documents and once again did not file proposed findings of fact. (ECF No. 39). With his motion, the plaintiff filed a motion for leave to submit summary judgment without proposed findings of fact (ECF No. 40), which the Court denied on November 20, 2015. (ECF No. 60). By that time, the plaintiff had filed proposed findings of fact as part of his response to the defendants' motion for summary judgment. (ECF No. 57). As a result, the Court

- 2 -

Case 2:14-cv-00136-JPS Filed 03/17/16 Page 2 of 5 Document 68

decided it would consider the plaintiff's motion on the merits and directed the defendants to file a response to the plaintiff's motion. (ECF No. 60 at 3). The defendants responded to the plaintiff's motion for summary judgment and his proposed findings of fact, and the plaintiff filed reply materials on January 4, 2016. (ECF Nos. 64-67).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). The moving party must file "a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." Civil L. R. 56(b)(1)(C) (E.D. Wis.). A party asserting that a fact cannot be disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, affidavits or declarations, admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c)(1)(A).

In his brief in support of his motion for summary judgment, the plaintiff makes a number of arguments regarding his protected First

- 3 -

Amendment activity, the conduct report against him, and the personal involvement of some of the defendants. (ECF No. 25). The plaintiff also argues that the defendants are not entitled to a qualified immunity defense as a matter of law. *Id.*

In evaluating the plaintiff's motion for summary judgment, the Court must look to the facts the plaintiff has proposed and determine whether they demonstrate that he is entitled to judgment as a matter of law on the claims on which the Court allowed him to proceed. However, the Court's review of the plaintiff's proposed findings of fact reveals that they do not address his claims regarding the defendants. The plaintiff's proposed findings of fact are almost entirely statements of his religious beliefs. Even accepted as true, the facts the plaintiff proposes do not establish that any of the defendants retaliated against him or interfered with his free exercise of his religion. Additionally, the plaintiff does not provide any facts regarding the duration or conditions of his confinement to segregation that would allow the Court to evaluate whether it implicated a liberty interest or entitled the plaintiff to due process protections. The plaintiff also does not set forth facts regarding the process he received for his conduct report or how he alleges it was deficient.

"Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in the lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (internal quotation marks and citations omitted)). The plaintiff presented no evidence to establish that he is entitled to judgment as a matter of law on his claims against the defendants, and the Court will deny his motion for summary judgment. The Court will consider the plaintiff's facts and arguments in response to the defendants' motion for summary judgment.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's renewed motion for summary judgment (ECF No. 39) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of March, 2016.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**