# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EARNEST D. BEAMON, JR.,<br><br>                 Plaintiff,<br><br>v.<br><br>JASON WILKE,<br><br>                 Defendant. | Case No. 14-CV-136-JPS<br><br>**ORDER** |

On January 12, 2018, this Court received the mandate from the Seventh Circuit Court of Appeals, remanding the case for further proceedings on Plaintiff's retaliation claim against Defendant Jason Wilke. (Docket #94). Thereafter, Plaintiff filed two motions that are now before the Court for resolution.

First, Plaintiff filed a motion for appointment of counsel to represent him during mediation of his remaining claim. (Docket #96). However, neither party has requested a referral for mediation or otherwise indicated that a mediation is set to take place. Further, Plaintiff's motion sets forth no reasons why appointment of counsel is necessary or warranted at this juncture. As a civil litigant, Plaintiff has no automatic right to court-appointed counsel. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently

present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Without any averments from Plaintiff as to his own attempts to secure counsel and the basis for his belief that prosecution of the remaining claim in this case exceeds his competence, the Court cannot grant his motion. It will be denied without prejudice.

Next, Plaintiff filed a motion to use his release account funds to pay the balance of his appellate filing fee. (Docket #97). As the Court informed Plaintiff in a previous order, *see* (Docket #91), this Court permits prisoners to delve into their release account funds only very sparingly. In fact, the only generally recognized instance where this is allowed is when a prisoner needs release account funds to pay an initial partial filing fee. *See Spence v. McCaughtry*, 46 F. Supp. 2d 861, 863 (E.D. Wis. 1999). This Court, like other federal courts, does not deem it prudent to focus on the release account as the source of funds to satisfy the full filing fee payment requirement. *See Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). He is not free, however, to tap into his release account to cover those legal costs. In light of the foregoing, the Court will deny Plaintiff's motion to use release account funds to pay the balance of the appellate filing fee.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel (Docket #96) be and the same is hereby **DENIED without prejudice;** and

**IT IS FURTHER ORDERED** that Plaintiff's motion to use release account funds for the balance of his appellate filing fee (Docket #97) be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 20th day of March, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge